1
2
3
4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 05, 2023

SEAN F. McAVOY, CLERK

5        UNITED STATES DISTRICT COURT

6        EASTERN DISTRICT OF WASHINGTON

7   ADRIENNE M. C.,

8                      Plaintiff,

9        v.

10  COMMISSIONER OF SOCIAL
    SECURITY,

11                     Defendant.

12

NO:  2:22-CV-197-RMP

ORDER DENYING JUDGMENT TO
PLAINTIFF AND GRANTING
JUDGMENT IN FAVOR OF THE
COMMISSIONER

13        BEFORE THE COURT, without oral argument, are cross-motions for

14  summary judgment from Plaintiff Adrienne M. C.[1], ECF No. 10, and Defendant the

15  Commissioner of Social Security (the "Commissioner"), ECF No. 11.  Plaintiff

16  seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) of the Commissioner's partial

17  denial of her claim for Social Security Income ("SSI") under Title XVI of the Social

18  Security Act (the "Act").  *See* ECF No. 10 at 1–2.

19

20  [1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
    name and middle and last initials.

21

ORDER DENYING JUDGMENT TO PLAINTIFF AND GRANTING
JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 1

Having considered the parties' briefs, the administrative record, and the applicable law, the Court is fully informed.  For the reasons set forth below, the Court denies Plaintiff's request for judgment and remand in her Opening Brief and directs entry of judgment in favor of the Commissioner.

## BACKGROUND

### *General Context*

Plaintiff applied for SSI on approximately July 18, 2019, alleging an onset date of September 1, 2018.  Administrative Record ("AR")[2] 15, 247–53.  Plaintiff was 32 years old on the alleged disability onset date and asserted that she was unable to work due anxiety and borderline personality disorder.  *See* AR 276.  Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing.  *See* AR 176.

On March 23, 2021, Plaintiff appeared by telephone, represented by her attorney Jay Manon, at a hearing held by Administrative Law Judge ("ALJ") MaryAnn Lunderman from Wenatchee, Washington.  AR 60–63.  The ALJ heard from Plaintiff as well as vocational expert ("VE") Michael Swanson.  AR 60–92. ALJ Lunderman issued an unfavorable decision on May 21, 2021, and the Appeals Council denied review.  AR 1–6, 15–26.

---

[2] The Administrative Record is filed at ECF No. 10.

ORDER DENYING JUDGMENT TO PLAINTIFF AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 2

1

***ALJ's Decision***

2

Applying the five-step evaluation process, ALJ Lunderman found:

3

**Step one:** Plaintiff has not engaged in substantial gainful activity since July

4

18, 2019, the application date.  AR 17.

5

**Step two:** Plaintiff has the following severe impairments: borderline

6

personality disorder; posttraumatic stress disorder; moderate major depressive

7

disorder; and anxiety disorder.  AR 18 (citing 20 C.F.R. § 416.920(c)).  The ALJ

8

found that Plaintiff has the following medically determinable, but non-severe,

9

impairments: gastroesophageal reflux disease; lumbago; and cervical dysplasia; and

10

obesity.  AR 18.

11

**Step three:** The ALJ concluded that Plaintiff does not have an impairment, or

12

combination of impairments, that meets or medically equals the severity of one of

13

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§

14

416.920(d), 416.925, and 416.926).  AR 19.  In reaching this conclusion, the ALJ

15

addressed the "paragraph B" criteria with respect to listings 12.04 (depressive,

16

bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders),

17

12.08 (personality and impulse-control disorders), and 12.15 (trauma- and stressor-

18

related disorders) and found that Plaintiff's impairments do not result in one extreme

19

limitation or two marked limitations in a broad area of functioning.  AR 19.

20

21

ORDER DENYING JUDGMENT TO PLAINTIFF AND GRANTING
JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 3

1    The ALJ found that Plaintiff is moderately limited in: understanding,

2    remembering, or applying information; interacting with others; concentrating,

3    persisting, or maintaining pace; and in adapting or managing oneself.  AR 19.  The

4    ALJ cited to portions of the record explaining her findings.  AR 19.

5    The ALJ also memorialized her finding that the evidence in Plaintiff's record

6    fails to satisfy the "paragraph C" criteria.  AR 20.[3]  The ALJ reasoned that, first, "the

7    evidence does not show that the claimant relies, on an ongoing basis, upon medical

8    treatment, mental health therapy, psychosocial support(s), or a highly structured

9    setting(s), to diminish the symptoms and signs of the claimant's mental disorder;

10   and, second, "the evidence does not show that, despite any diminished symptoms

11   and signs, [Plaintiff] has achieved only marginal adjustment or minimal capacity to

12   adapt to changes in environment or to demands not part of daily life."  AR 20.

13   **Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff can

14   perform "a full range of work at all exertional levels, but with the following

15   nonexertional limitations: assigned work must be limited to simple, unskilled tasks

16

17   [3] The Paragraph C criteria requires: a "serious and persistent" mental disorder with

18   a "medically documented history" of at least two years, and evidence of (1)
     ongoing medical treatment that diminishes the symptoms and signs of your

19   disorder; and (2) marginal adjustment, meaning the claimant has "minimal capacity
     to adapt to changes in [their] environment or to demands that are not already part

20   of [their] daily life."  20 C.F.R. § 404, Subpt. P. App. 1 §§ 12.02C, 12.04C,
     12.06C.

21

with a SVP of 1 or 2 and a Reasoning Level of 1 or 2; assigned tasks must be learned in 30 days or less or by brief demonstration; there must be minimal change in the task as assigned; there must be minimal change in work locations and procedures; while tasks must be performed primarily individually, they can occasionally be performed with a limited number of coworkers, but the limit should be no more than three other coworkers; the assigned work may require occasional contact with the public; and there must be no more than occasional change in the work setting and the assigned tasks must require no independent goal setting." AR 20.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 21.

**Step four:** The ALJ found that Plaintiff has no past relevant work. AR 24 (citing 20 C.F.R. § 416.965).

**Step five:** The ALJ found that Plaintiff has at least a high school education and was 33 years old[4], which is defined as a younger individual (age 18-49), on the alleged disability onset date.  AR 24 (citing 20 C.F.R. § 416.963).  The ALJ found that transferability of job skills is not an issue because Plaintiff does not have past relevant work.  AR 24 (citing 20 C.F.R. § 416.968).  The ALJ found that given Plaintiff's age, education, work experience, and RFC, Plaintiff can make a successful adjustment to other work that exists in significant numbers in the national economy.  AR 24.  Specifically, the ALJ recounted that the vocational expert identified the following representative occupations that Plaintiff would be able to perform with the RFC:

> A. Kitchen Helper (DOT1 No. 318.687-010), which is considered medium exertional work that is performed at the unskilled level with a SVP2 of two, a Reasoning Level of two, and of which there are approximately 498,000 jobs nationwide;
> B. Laundry Worker (DOT No. 361.685-018), which is considered medium exertional work that is performed at the unskilled level with a SVP of two, a Reasoning Level of two, and of which there are approximately 198,000 jobs nationwide;
> C. Auto Detailer (DOT No. 915.687-034), which is considered medium exertional work that is performed at the unskilled level with a SVP of two, a Reasoning Level of two, and of which there are approximately 72,000 jobs nationwide;
> D. Electrical Accessories Assembler (DOT No. 729.687-010), which is considered light exertional work that is performed at the unskilled level with a SVP of two, a Reasoning Level of two, and of which there are approximately 7,400 jobs nationwide;

[4] By the Court's calculation, Plaintiff was 32 years old, but this difference in age is immaterial as both 32 years and 33 years are within the same category.

ORDER DENYING JUDGMENT TO PLAINTIFF AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

E. Café Attendant (DOT No. 311.677-010), which is considered light exertional work that is performed at the unskilled level with a SVP of two, a Reasoning Level of two, and of which there are approximately 60,000 jobs nationwide; and

F. Marketing Clerk (DOT No. 209.587-034), which is considered light exertional work that is performed at the unskilled level with a SVP of two, a Reasoning Level of two, and of which there are approximately 311,000 jobs nationwide.

AR 25.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act at any time since filing her application on July 18, 2019.  AR 25.

Through counsel Jordan Goddard, Plaintiff sought review of the ALJ's unfavorable decision in this Court.  ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir.

ORDER DENYING JUDGMENT TO PLAINTIFF AND GRANTING
JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 7

1989).  Substantial evidence "means such evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the

[Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark*

*v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the

record, not just the evidence supporting the decisions of the Commissioner.

*Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the

proper legal standards were not applied in weighing the evidence and making a

decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir.

1988).  Thus, if there is substantial evidence to support the administrative findings,

or if there is conflicting evidence that will support a finding of either disability or

nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*,

812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Social Security Act defines "disability" as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death, or which has lasted or

can be expected to last for a continuous period of not less than 12 months."  42

U.S.C. § 423(d)(1)(A).  The Act also provides that a claimant shall be determined to

be under a disability only if the impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### Sequential Evaluation Process

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if they are engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. §

416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that they have performed in the past.  If the claimant can perform their previous work, the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering their residual functional capacity and age, education, and past work experience.  20 C.F.R. § 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant

can perform other substantial gainful activity, and (2) a "significant number of jobs

exist in the national economy" that the claimant can perform.  *Kail v. Heckler*, 722

F.2d 1496, 1498 (9th Cir. 1984).

**ISSUES ON APPEAL**

The parties' motions raise the following issues regarding the ALJ's decision:

1.      Did the ALJ erroneously discount Plaintiff's subjective complaints?

2.      Did the ALJ erroneously assess the medical source opinions?

3.      If the Court finds error by the ALJ, what is the appropriate remedy?

***Subjective Symptom Testimony***

Plaintiff argues that the ALJ failed to provide specific, clear, and convincing

reasons for discounting Plaintiff's testimony and instead merely summarized the

medical evidence.  ECF Nos. 10 at 4–5; 12 at 2 (citing AR 21–22).

The Commissioner responds that an ALJ is permitted to find a claimant's

allegations unreliable based on inconsistency with the medical record.  ECF No. 11

at 6 (citing *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022)).  The

Commissioner continues, "The ALJ thus explained that Plaintiff's allegations were

unreliable because they were 'inconsistent with the objective medical evidence.'"

*Id.* (quoting AR 21).  The Commissioner argues that the ALJ legitimately discounted

Plaintiff's allegation that she struggles with memory, concentration, and task

completion by "point[ing] out that mental status examinations were largely benign

and contradicted these allegations." *Id.* (citing AR 21–22, 403 (clinician reporting

Plaintiff was alert and oriented, with normal thought content), 471 (reporting fair

memory), 486 (reporting "grossly normal memory" and "appropriate interactions

and questions"), 641 ("Memory: Good"), and 691 (reporting fair memory). The

Commissioner further submits that the ALJ relied on evidence in the record to

discount Plaintiff's allegation that she has problems getting along with others. *Id.*

(citing AR 21, 22, 403 ("normal" affect and "good eye contact"), 471 ("Behavior:

Appropriate"), 486 ("normal affect, appropriate interactions and question"), 540

("[c]ooperative, appropriate mood and affect."), 558 (showing cooperative

behavior), 641 (displaying appropriate behavior), 691 (same). The Commissioner

further cites to portions of the record that support the ALJ's finding that the record

showed Plaintiff's symptoms were effectively controlled with medication. *Id.* at 7

(citing AR 21–22, 373, 474, 693). The Commissioner asserts that "'[e]ven when an

agency explains its decision with less than ideal clarity, [the reviewing court] must

uphold it if the agency's path may reasonably be discerned." *Id.* at 8 (citing *Molina*

*v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012)).

Plaintiff replies that the Commissioner "makes no attempt to identify any

factual finding in the ALJ's decision about the effectiveness of treatment

undermining Plaintiff's testimony." ECF No. 12 at 2. Plaintiff concludes, "Indeed,

there is none." *Id.* (citing AR 21–22).

1     In deciding whether to accept a claimant's subjective pain or symptom

2  testimony, an ALJ must perform a two-step analysis. *Smolen v. Chater*, 80 F.3d

3  1273, 1281 (9th Cir. 1996). First, the ALJ must evaluate "whether the claimant has

4  presented objective medical evidence of an underlying impairment 'which could

5  reasonably be expected to produce the pain or other symptoms alleged.'"

6  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v.*

7  *Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the first test is met and there

8  is no evidence of malingering, "the ALJ can reject the claimant's testimony about

9  the severity of [his] symptoms only by offering specific, clear and convincing

10  reasons for doing so." *Smolen*, 80 F.3d at 1281.

11     There is no allegation of malingering in this case. Plaintiff alleged the

12  following impairment, as summarized in the ALJ's decision:

13     The claimant alleges disability due to anxiety; borderline personality
disorder; mood fluctuation; depression; posttraumatic stress disorder;
14     intellectual disability; paranoia; and bipolar disorder. She advised that
her conditions affect her abilities to lift, squat, bend, stand, reach, sit,
15     kneel, talk, hear, see, remember, complete tasks, concentrate,
understand, follow instructions, and get along with others. She stated
16     that she has a hard time remembering and is unable to concentrate or
understand verbal direction–has to have written directions. She stated
17     that she could pay attention for maybe "one-hour maximum," and does
not finish what she starts. The claimant struggles with retaining
18     information, completing work tasks on time, understanding Math, and
the ability to read and understand what is written/follow directions. She
19     reported taking a variety of medications, including: aripiprazole;
bupropion; Buspirone; clonidine; gabapentin; gabapentin; naproxen;
20     omeprazole; sertraline; and Tylenol.

21

ORDER DENYING JUDGMENT TO PLAINTIFF AND GRANTING
JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 13

1  AR 21 (citing AR 277, 281, 288, 318, 329, 340, 348, 350).

2      The ALJ found that "Plaintiff's statements about the intensity, persistence,

3  and limiting effects of his [sic] symptoms, . . . are inconsistent with the objective

4  medical evidence of record as a whole."  AR 21.  The ALJ then discussed Plaintiff's

5  treatment records from February 2019 through March 2021 and noted that the

6  records documented improvement with medications, decompensation when Plaintiff

7  ceased her medications, and an unremarkable presentation by Plaintiff at

8  appointments.  AR 22–23 (citing AR 399, 403, 471, 474, 480, 484, 486, 540, 557–

9  58, 641–42, 691, and 693).

10     First, the ALJ cited treatment records supporting that Plaintiff's symptoms

11  improved with adherence to her medication regimen and worsened when Plaintiff

12  ran out of her medication.  *See* AR 484–86 (Plaintiff reporting in March 2020 that

13  her mood was "fine," presenting in no acute distress, and reporting that she was

14  current on her medications and was seeing a counselor), AR 540–41 (at July 2020

15  appointment where Plaintiff presented in no acute distress, with un unremarkable

16  mood and affect, clinician finding that Plaintiff's "[a]nxiety and depression scales

17  are better" and adjusting medication dosage to achieve "better control"); 557–58

18  (reporting an "acute exacerbation of her depression anxiety" after ceasing her

19  medication) (as written in original); 693 (at March 2021 appointment, Plaintiff

20  reported doing "'better' with her medications and that she is being able to sleep

21

ORDER DENYING JUDGMENT TO PLAINTIFF AND GRANTING
JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 14

better").  A good response to medication, as documented by longitudinal medical records, is an accepted reason for discounting a claimant's subjective symptom testimony.  *See Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").  Accordingly, the Court does not fault the ALJ's treatment of Plaintiff's allegations on this ground.

Secondly, the ALJ cited to Plaintiff's treatment records showing that she presented at appointments during the relevant period in no acute distress and with generally unremarkable psychiatric findings, apart from reporting a depressed mood. *See* AR 22–23 (citing AR 399, 403, 471, 474, 480, 484, 486, 540, 557–58, 641–42, 691, and 693). The objective examination evidence cited by the ALJ generally does not support Plaintiff's subjective allegations that her symptoms are so severe that they prevent her from working under the conditions set forth in the RFC.

To recount, the ALJ found that Plaintiff has severe impairments in the form of depression, anxiety, PTSD, and borderline personality disorder and formulated an RFC with several limitations relating to social interactions and managing stress.  AR 18, 20.  However, the ALJ discounted Plaintiff's allegations that her impairments are so severe that she cannot work in any capacity.  AR 21; *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (holding that individuals do not need to be symptom free to work as disability benefits are intended for "people who are unable to work;

1    awarding benefits in cases of nondisabling pain would expand the class of recipients

2    far beyond that contemplated in the statute"). Although the ALJ's analysis is sparse,

3    the ALJ provided two legitimate reasons, supported by substantial evidence, for not

4    fully crediting Plaintiff's subjective complaints. The Court, therefore, concludes

5    that the ALJ did not err in discounting Plaintiff's subjective complaints as

6    unsupported by Plaintiff's longitudinal medical record.

7    **_Medical Source Opinion_**

8    Plaintiff contends that the ALJ did not provide legally sufficient reasons,

9    supported by substantial evidence in finding the opinion of examining psychologist

10    Jenna Yun, PhD to be unpersuasive. ECF No. 10 at 5–7. Plaintiff argues that an

11    ALJ may not discount a medical source opinion merely because it may have been

12    based primarily on Plaintiff's self-reports and posits that "psychological evaluations

13    should not be rejected because of the relative imprecision of their methodology,

14    which will always rely on an individual's self-reports, at least in part." _Id._ at 7–8

15    (citing _Buck v. Berryhill_, 869 F.3d 1040, 1049 (9th Cir. 2017)).

16    The Commissioner responds that the ALJ addressed the two most important

17    factors in determining the persuasiveness of Dr. Yun's opinion, supportability, and

18    consistency. ECF No. 11 at 11. The Commissioner argues that the ALJ

19    appropriately noted that Dr. Yun did not cite to any examination findings in her

20    report and appeared to rely primarily on Plaintiff's subjective reports for her

21

ORDER DENYING JUDGMENT TO PLAINTIFF AND GRANTING
JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 16

1    diagnosis. *Id.* (citing AR 23, 360). With respect to the consistency factor, the

2    Commissioner argues that the ALJ cited to the opinion of Dr. Jan Lewis, "'who had

3    the ability to view the majority of objective medical evidence in the record,

4    including Dr. Yun's report prior to offering an opinion.'" *Id.* at 12 (citing AR 23).

5    The Commissioner notes that Dr. Lewis "opined that Plaintiff could perform simple

6    tasks, work with a limited number of co-workers, interact with briefly and

7    superficially with the public, and perform a job that did not change frequently." *Id.*

8    at 12 (citing AR 149–50). The Commissioner further submits that "the ALJ cited

9    evidence showing that Plaintiff's mental status examination reports were generally

10    appropriate or unremarkable, including normal mood, appropriate behavior, and

11    normal memory." *Id.* (citing AR 21–22).

12        The regulations that took effect on March 27, 2017, provide a new framework

13    for the ALJ's consideration of medical opinion evidence and require the ALJ to

14    articulate how persuasive she finds all medical opinions in the record, without any

15    hierarchy of weight afforded to different medical sources. *See* Rules Regarding the

16    Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18,

17    2017). Instead, for each source of a medical opinion, the ALJ must consider several

18    factors, including supportability, consistency, the source's relationship with the

19    claimant, any specialization of the source, and other factors such as the source's

20

21

ORDER DENYING JUDGMENT TO PLAINTIFF AND GRANTING
JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 17

1  familiarity with other evidence in the claim or an understanding of Social Security's

2  disability program.  20 C.F.R. § 404.1520c(c)(1)-(5).

3      Supportability and consistency are the "most important" factors, and the ALJ

4  must articulate how she considered those factors in determining the persuasiveness

5  of each medical opinion or prior administrative medical finding.  20 C.F.R. §

6  404.1520c(b)(2).  With respect to these two factors, the regulations provide that an

7  opinion is more persuasive in relation to how "relevant the objective medical

8  evidence and supporting explanations presented" and how "consistent" with

9  evidence from other sources the medical opinion is.  20 C.F.R. § 404.1520c(c)(1).

10  The ALJ may explain how she considered the other factors, but is not required to do

11  so, except in cases where two or more opinions are equally well-supported and

12  consistent with the record.  20 C.F.R. § 404.1520c(b)(2), (3).  Courts also must

13  continue to consider whether the ALJ's finding is supported by substantial evidence.

14  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to

15  any fact, if supported by substantial evidence, shall be conclusive . . . .").

16      Prior to revision of the regulations, the Ninth Circuit required an ALJ to

17  provide clear and convincing reasons to reject an uncontradicted treating or

18  examining physician's opinion and provide specific and legitimate reasons where the

19  record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654

20  (9th Cir. 2017).  However, the Ninth Circuit has held that the Social Security

21

ORDER DENYING JUDGMENT TO PLAINTIFF AND GRANTING
JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 18

regulations revised in March 2017 are "clearly irreconcilable with [past Ninth Circuit] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22, 2022). The Ninth Circuit continued that the "requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, is likewise incompatible with the revised regulations." *Id*. at *15 (internal citation omitted).

Accordingly, as Plaintiff's claim was filed after the new regulations took effect, the Court refers to the standard and considerations set forth by the revised rules for evaluating medical evidence. *See* AR 15, 247–53.

Dr. Yun examined Plaintiff on May 17, 2019, and completed an evaluation form for the Washington State Department of Social and Health Services ("DSHS"). AR 358–59. Dr. Yun did not indicate any records that she reviewed in evaluating Plaintiff's condition. AR 358. Dr. Yun opined with respect to basic work activities that Plaintiff is markedly impaired in seven, moderately impaired in four, and mildly or not impaired in two. AR 361. Dr. Yun opined that the overall severity based on the combined impact of all diagnosed mental impairments is marked. AR 361. Dr. Yun's mental status examination findings recited that Plaintiff presented with unremarkable appearance; slow, but clear speech; cooperative attitude and good eye

contact; and a flat affect.  AR 362.  Dr. Yun recorded that Plaintiff described her

current mood as "depressed, anxious".  AR 362.  Dr. Yun further found that Plaintiff

responded outside of normal limits to several examination prompts, including that:

Plaintiff's thoughts "appeared slowed and blocked at times"; Plaintiff could recall

what she ate for dinner the night before, but recalled zero of three words after a five-

minute delay; and Plaintiff "demonstrated impaired judgement [sic] and lack of

insight into her current conditions."  AR 362–63.  Dr. Yun also found that Plaintiff

Plaintiff's concentration was outside of normal limits but did not note any abnormal

responses by Plaintiff to examination questions.  AR 363.

 ALJ Lunderman reasoned that Dr. Yun examined Plaintiff on only one

occasion and did not review any of the objective medical evidence in Plaintiff's

record.  AR 23.  ALJ Lunderman continued, "In her opinion, Dr. Yun determined

some of the claimant's mental diagnoses were provisional or suspected, which

suggests the doctor's opinion may be based more on subjective reports during the

time assessment, rather than the longitudinal view of overall mental functioning."

AR 23 (as written in original).  Furthermore, ALJ Lunderman found Dr. Yun's

conclusions to be inconsistent with the opinions of another medical source, Dr.

Lewis, whose 2020 opinion ALJ Lunderman had found to be supported and

consistent with Plaintiff's longitudinal record.  AR 23.

ORDER DENYING JUDGMENT TO PLAINTIFF AND GRANTING
JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 20

1    As the ALJ's reasoning sets forth, the ALJ did not merely discount Dr. Yun's

2    opinion for being based on Plaintiff's self-reports, as Plaintiff suggests.  *See* AR 23;

3    ECF No. 11 at 11.  Rather, the ALJ appropriately considered the nature of Dr. Yun's

4    encounter with Plaintiff and whether her opinion was sufficiently supported to be

5    persuasive.  AR 23.  The ALJ further considered whether Dr. Yun's opinion is

6    consistent with evidence from other sources and articulated why she considered Dr.

7    Yun's opinion to be less persuasive than other sources.  AR 23.  As these are the

8    relevant factors from the governing framework, and the ALJ referred to substantial

9    evidence in applying the factors, the Court finds no error in the ALJ's treatment of

10    Dr. Yun's opinion.

11    As the Court finds no error in the two issues raised by Plaintiff, the Court need

12    not resolve the parties' disagreement regarding an appropriate remedy.

13                                      **CONCLUSION**

14    Having reviewed the record and the ALJ's findings, this Court concludes that

15    the ALJ's decision is supported by substantial evidence and free of harmful legal

16    error.  Accordingly, **IT IS HEREBY ORDERED** that:

17        1.  Plaintiff's Opening Brief, **ECF No. 10**, is **DENIED**.

18        2.  Defendant's Brief, **ECF No. 11**, is **GRANTED**.

19        4.  Judgment shall be entered for Defendant.

20

21

ORDER DENYING JUDGMENT TO PLAINTIFF AND GRANTING
JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 21

1    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2  Order, enter judgment as directed, provide copies to counsel, and **close the file** in

3  this case.

4    **DATED** June 5, 2023.

5

6                                    _s/ Rosanna Malouf Peterson_
                                   ROSANNA MALOUF PETERSON
                                   Senior United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER DENYING JUDGMENT TO PLAINTIFF AND GRANTING
JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 22